**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

**CIVIL ACTION NO. 04-CV-318-JBC**

**RONALD K. BILDERBECK,**                                                        **PLAINTIFF,**

**V.**                      **MEMORANDUM OPINION AND ORDER**

**BUREAU OF PRISONS, ET AL.,**                                      **DEFENDANTS.**

**\* \* \* \* \* \* \* \* \* \***

This matter is before the court on the plaintiff's motion to alter or amend judgment (DE 72); the defendant's motion to strike (DE 73); and the plaintiff's motion to amend and add case law (DE 75).  The court, having considered the memoranda of the parties and being otherwise sufficiently advised, will deny the plaintiff's motions and grant the defendant's motion.

**I. Factual Background**

On July 13, 2004, Ronald K. Bilderbeck, who was then incarcerated in the Federal Medical Center (FMC) in Lexington, Kentucky, filed this *pro se* civil rights complaint, pursuant to 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

The plaintiff named the Bureau of Prisons (BOP), certain BOP personnel, and two private doctors as defendants, alleging that they had been deliberately indifferent to his serious medical needs in violation of the U.S. Constitution's Eighth Amendment prohibition against cruel and unusual treatment and had committed malpractice and negligence.  On September 2, 2004, the court dismissed all claims

arising from the plaintiff's hip surgery in 2000 and aftercare from that surgery in 2002 as barred by the statute of limitations.  In that order, the court also dismissed all claims against defendants Booker and Vaughan.  In an order entered on August 3, 2005, the court dismissed all remaining claims in this case except for those against Dr. Growse in his individual capacity.  Finally, on July 26, 2006, the court granted Dr. Growse's motion for summary judgment and entered judgment against the plaintiff in this action.

### III. Legal Analysis

#### A. The Plaintiff's Motion to Alter or Amend Judgment

The plaintiff has moved to alter or amend the court's entry of judgment against him.  A motion to alter, amend, or vacate a judgment is construed as a motion pursuant to Fed. R. Civ. P. 59(e).  In order to succeed on such a motion, the movant must establish a clear error of law; present newly discovered evidence; show that there has been an intervening change in controlling law; or show that absent relief, a manifest injustice will result.  *Gencorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).  Such motions are not an opportunity for the losing party to offer additional arguments in support of its position.  *Engler*, 146 F.3d at 374; *see also Kustom Signals, Inc. v. Applied Concepts, Inc.*, 247 F. Supp. 2d 1233, 1235 (D. Kan. 2003) (stating that motions under Rules 59 or 60 of the Federal Rules of Civil Procedure do not provide "a

2

second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed").

In his motion to alter or amend, the plaintiff simply reiterates claims that have already been heard and rejected by this court.  For example, Bilderbeck restates the allegations regarding his hip surgery and aftercare following it that were dismissed as time-barred in the court's September 2, 2004, order.  He also repeats his unsupported claims that Dr. Growse ignored his subjective complaints and the recommendations of other medical personnel that the court previously held to be insufficient to withstand Dr. Growse's motion for summary judgment. Finally, the plaintiff discusses aspects of his current incarceration at the Low Security Correctional Institution in Butner, North Carolina ("LSCI-Butner"), that are not at issue in this case.  Because this type of argument is insufficient to sustain a motion to alter or amend, the plaintiff's motion will be denied.

### B. The Defendant's Motion to Strike

The defendant moves to strike a document filed by the plaintiff along with his motion to amend.  The document in question is entitled "Discovery Deposition" and consists of the plaintiff's statement of the facts of this case.  Upon examination, it appears that this document is the same "Discovery Deposition" that the plaintiff filed on December 19, 2005, and that was ordered stricken from the record by Magistrate Judge James Todd on February 28, 2006.  Magistrate Judge Todd did so because the filing is "not the plaintiff's deposition; it is simply an

3

unsworn summary of plaintiff's version of events that gave rise to this action." DE 60, at 3.  The court agrees with Magistrate Judge Todd and the defendant and will grant the defendant's motion to strike the plaintiff's "Discovery Deposition" for the second time.

### C. The Plaintiff's Motion to Amend and Add Case Law

The plaintiff has also moved the court to allow him to "Amend and Add Case Law to [his] Civil Action."  DE 75, at 1.  Bilderbeck asserts in his motion that Dr. Growse transferred him from the FMC in Lexington, Kentucky, to LSCI-Butner, in retaliation for exercising his constitutional rights.  In support, the plaintiff cites *Siggers-El v. Barlow*, 412 F.3d 693, 696 (6th Cir. 2005), in which the Sixth Circuit affirmed the district court's denial of qualified immunity to a prison official who allegedly retaliated against the plaintiff by transferring him after he complained to the defendant's supervisors.

The court construes the plaintiff's motion as one to amend his complaint pursuant to Fed. R. Civ. P. 15 to add a claim for retaliation in violation of the First Amendment to the United States Constitution.  Rule 15(a) states that leave to amend a pleading shall be "freely given when justice so requires."  Several elements must be considered in determining whether to permit an amendment: (1) undue delay in filing; (2) lack of notice to the opposing party; (3) bad faith by the moving party; (4) repeated failure to cure deficiencies by previous amendments; (5) undue prejudice to the opposing party; and (6) futility of amendment.  *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998), *cert. denied*, 528 U.S. 842 (1999); *Head v.*

4

*Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989).  Although a Rule 15(a) motion should not be evaluated purely on timeliness grounds, *Oleson v. United States*, 27 Fed. Appx. 566, 569 (6th Cir. 2001), an increased burden is on the movant at a late stage in a litigation to show justification for a failure to move earlier.  *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (noting that allowing amendment after the close of discovery creates significant prejudice).

In this case, the plaintiff filed the current motion over two years after the filing of his original complaint; nearly two years after the court denied the prohibition of his transfer; seven months after the close of discovery; and one-and-a-half months after the entry of judgment against him.  While the court recognizes that the plaintiff is proceeding pro se in this matter, his failure to assert this claim earlier, when the underlying facts supporting this claim were accessible to him, is a textbook example of undue delay.  Further, allowing the plaintiff's proposed amendment would significantly prejudice the defendant.  Because the plaintiff's retaliation claim is fundamentally different from his earlier deliberate indifference claim, the court would likely have to re-open the discovery process if the amendment were allowed so that the defendant could adequately prepare his case.  Finally, allowing the plaintiff's requested amendment would be futile.  The Sixth Circuit has held that Kentucky's one-year statute of limitations for personal injury, K.R.S. § 413.140(1), applies to *Bivens* actions and to suits brought under 42 U.S.C. § 1983.  *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990);

5

*McSurely v. Hutchison*, 823 F.2d 1002, 1006 (6th Cir. 1987).  Bilderbeck was transferred to LSCI-Butner on Sept 2, 2004; at the latest, his cause of action accrued on this date.  Because he waited more than one year from the date of his transfer to amend his complaint, his retaliation claim is barred by K.R.S. § 413.140(1).[1]

After considering all of the facts and circumstances in this case, the court concludes that the plaintiff's motion to amend his complaint to state a claim for retaliation should be denied.

Accordingly,

**IT IS ORDERED** as follows:

(1) The plaintiff's motion to alter or amend judgment (DE 72) is **DENIED**.

(2) The defendant's motion to strike (DE 73) is **GRANTED**.

(3) The plaintiff's motion to amend and add case law (DE 75) is **DENIED**.

---

[1]The plaintiff's claim is also not saved from the bar of the statute of limitations by Rule 15(c)(2), which states that an amended pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading."  While an amendment that alleges added events leading up to the same injury or a new theory of liability for that injury may relate back, an amendment that states a new claim for relief based on different facts will not do so.  *Koon v. Lakeshore Contractors*, 128 F.R.D. 650, 653 (W.D. Mich. 1988).  The crux of the plaintiff's original complaint was Growse's alleged indifference to his medical needs; his proposed amendment deals with his transfer to LSCI-Butner, which occurred after all of the other injuries of which he complains took place.  In addition, he asserts a different legal ground for relief in his amended complaint than the one he put forth in his original complaint.  It is clear that the plaintiff's retaliation claim is a new claim in every sense of the term.  Thus, it does not relate back to the date of the filing of the complaint for statute-of-limitations purposes.

Signed on October 5, 2006



JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY